IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADOLPH MUIR & DORIS MUIR<br>                    Plaintiffs<br><br>v.<br><br>AM SOLUTIONS, LLC,<br><br>LAW OFFICES OF DAMIAN G. WALDMAN, P.A.<br>         and<br><br>DWALDMANLAW, P.C.,<br>                    Defendants | CIVIL ACTION<br><br><br><br><br><br><br>NO.  18-cv-00729(JHS) |

**PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' AMENDED CROSS-MOTION FOR STAY PENDING JURISDICTIONAL DISCOVERY[1]**

This case involves two elderly homeowners—Adolph and Doris Muir—who were blindsided by a mortgage foreclosure lawsuit filed against them, founded ostensibly upon a purported mortgage executed in 1983 for $6,500.  The alleged mortgage assignee is the instant Defendant AM Solutions, LLC—a statutory debt collector.

This debt collector and its attorneys averred in their foreclosure lawsuit that no payments had been sought or made on the mortgage for <u>35 years</u>.  After interest and fees, the amount demanded in foreclosure has ballooned from $6,500 to over $80,000.

The Muirs have no recollection of this mortgage, nor of making any payments on the alleged $6,500 loan.  Even if such a mortgage were issued, it has since been deemed fully paid years ago under Pennsylvania law because—as Defendants admit—more than 20 years had

---

[1] On August 10, 2018, Plaintiffs filed their Response to Defendants' Motion to Dismiss and Cross-Motion for Stay (ECF 21).  After filing, Plaintiff noticed a discrepancy regarding the citation to an exhibit on page 2 in the sentence beginning "In fact, discovery in . . . ."  Plaintiff accordingly files this Amended Response and Cross-Motion to correct this discrepancy.  Both the original Response/Cross-Motion (ECF 21) and this Amended Response/Cross-Motion are timely.

1

passed without payment. Nonetheless, Defendants proceeded to sue in state court seeking an in rem judgment of foreclosure upon the Muirs' home.

Fortunately, the law provides a remedy for the Muirs.[2] The Fair Debt Collection Practices Act prohibits debt collectors like AM Solutions from making false, deceptive, and misleading statements in connection with the collection of any claimed debt, including a claimed mortgage loan. 15 U.S.C. § 1692e. Pennsylvania law likewise requires certain accurate disclosures be made to homeowners prior to the institution of a foreclosure lawsuit. AM Solutions, LLC and its lawyers—Defendant DWaldmanLaw, P.C. ("DWaldmanLaw") and Defendant Law Offices of Damian G. Waldman, P.A. ("LODGW")—flouted these laws at the expense of the Muirs, who have lived in constant fear of losing their home.

During the foreclosure lawsuit, AM Solutions was purportedly represented by the Pennsylvania "law firm" DWaldmanLaw. (Am. Compl. at p. 6, ¶ 12). DWaldmanLaw apparently does not have a law office in Pennsylvania, but instead operates out of a UPS mailbox—as confirmed by the process server who attempted to personally serve DWaldmanLaw at its corporate address. (Exhibit "A", Affidavit of Non-Service, stating that "[t]he address in question is a UPS Store and the suite # is a mailbox").

Having no law office in Pennsylvania, DWaldmanLaw appears to be a shell corporation that operates almost exclusively out of Florida, where Defendant LODGW is based. According to Defendant LODGW's website, DWaldmanLaw is one of its six "affiliated firms," and has a "headquarters" in Florida. (Exhibit "B", Website Screenshot of DWaldmanLaw.com). Before filing the foreclosure lawsuit, Defendants sent the Muirs pre-foreclosure notices by certified mail from Defendant LODGW's "Central Phone and Mailing" address in Florida. (See id.; ECF 13 at

---

[2] The Court of Common Pleas foreclosure lawsuit was defended on the merits by the Muirs' instant co-counsel, Community Legal Services of Philadelphia. The lawsuit has been dismissed without prejudice, i.e. is subject to being refiled.

p. 34). In fact, discovery in a separate foreclosure case involving DWaldmanLaw and AM Solutions revealed that *the* Damian G. Waldman—a Florida-barred attorney—*personally* responded to emails and supplied advice regarding the underlying mortgage, presumably from his "headquarters" in Florida. (Exhibit "C", AM Solutions' Response to Request for Production of Documents in the case captioned *AM Solutions v. Joseph Jones*).

Nevertheless, Defendants moved to dismiss the Muirs' Amended Complaint, arguing that Defendant LODGW "does not have any contacts within the Eastern District of Pennsylvania" sufficient to establish personal jurisdiction. (ECF 20 at p. 13, ¶ 56). In other words, Defendants mount a factual challenge to this Court's exercise of personal jurisdiction over Defendant LODGW.

It is longstanding precedent in the Third Circuit that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Jurisdictional discovery should be allowed where the "factual allegations suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state[.]'" *Id.* (brackets omitted). Where the exercise of personal jurisdiction appears to hinge on the relationship between related entities and their contacts with the forum state, jurisdictional discovery is permissible. *See, e.g.*, *Britax Child Safety, Inc., Plaintiff, v. Nuna Int'l B.V. & Nuna Baby Essentials, Inc.*, No. 17-2724, 2018 WL 3608931, at *9 (E.D. Pa. July 26, 2018) (allowing jurisdictional discovery and stating that "[j]urisdiction may depend upon the nature of the relationship between Nuna B.V. and Nuna B.E., Nuna B.V.'s employee's activities in Pennsylvania, and the relative roles of the two entities in operating the website").

It is also well established that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Accordingly, Plaintiffs request leave of Court to conduct limited jurisdictional discovery as to Plaintiffs' claims against Defendant LODGW. To facilitate the swift completion of jurisdictional discovery, Plaintiffs have already—on August 10, 2018—served interrogatories, requests for production of documents, and a notice of deposition on Defendant LODGW.

Plaintiffs request that this Court stay the briefing and defer ruling on Defendants' Motion to Dismiss pending the completion of jurisdictional discovery. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Here, the interests of judicial economy warrant a deferral of any ruling on Defendants' nonjurisdictional arguments because some of these nonjurisdictional challenges apply to all Defendants, including whether Plaintiffs state a claim under sections 1692e & 1692g of the Fair Debt Collection Practices Act.

Accordingly, Plaintiffs move for leave to continue conducting limited jurisdictional discovery as to Defendant LODGW.  Plaintiffs likewise move for a stay of the briefing and a deferral of any ruling on Defendants' Motion to Dismiss pending completion of a sixty-day period for jurisdictional discovery.[3]

DATED: August 13, 2018     　　　　　　　　　　*/s/  Jody Thomas López-Jacobs*
　　　　　　　　　　　　　　　　　　　　　　　　　CARY L. FLITTER
　　　　　　　　　　　　　　　　　　　　　　　　　ANDREW M. MILZ
　　　　　　　　　　　　　　　　　　　　　　　　　JODY THOMAS LÓPEZ-JACOBS
　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　**FLITTER MILZ, P.C.**
　　　　　　　　　　　　　　　　　　　　　　　　　450 N Narberth Ave
　　　　　　　　　　　　　　　　　　　　　　　　　Suite 101
　　　　　　　　　　　　　　　　　　　　　　　　　Narberth, PA 19072
　　　　　　　　　　　　　　　　　　　　　　　　　610-668-0011

---

[3] In the alternative to a stay, Plaintiffs request leave of Court for a brief ten-day extension to respond to Defendants' nonjurisdictional arguments, while discovery and briefing pends as to the jurisdictional arguments. Plaintiffs submit that this piecemeal approach is less efficient—but are, of course, prepared to brief in stages if the Court prefers and directs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADOLPH MUIR & DORIS MUIR<br>    Plaintiffs<br><br>v.<br><br>AM SOLUTIONS, LLC,<br><br>LAW OFFICES OF DAMIAN G. WALDMAN, P.A.<br>    and<br><br>DWALDMANLAW, P.C.,<br>    Defendants | CIVIL ACTION<br><br><br><br><br><br><br>NO. 18-cv-00729(JHS) |

## CERTIFICATE OF SERVICE

I, JODY THOMAS LÓPEZ-JACOBS, do hereby certify that a copy of the foregoing was served upon all counsel of record by CM/ECF electronic filing.


DATED: August 13, 2018            */s/ Jody Thomas López-Jacobs*
                                  CARY L. FLITTER
                                  ANDREW M. MILZ
                                  JODY THOMAS LÓPEZ-JACOBS
                                  Attorneys for Plaintiff

                                  **FLITTER MILZ, P.C.**
                                  450 N Narberth Ave
                                  Suite 101
                                  Narberth, PA 19072
                                  610-668-0011